UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM L. COLLIER, | Case No. 17-CV-05841 LHK (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| P. GARCIA, et al., | |
| Defendants. | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint for failure to state a claim.

**DISCUSSION**

A.  Standard of review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police*

*Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal claims

In the complaint, plaintiff alleges that Sergeants P. Garcia and G. Ramey and Correctional Officer W. Fox were deliberately indifferent to plaintiff's safety. Plaintiff claims that in January 2017, plaintiff asked Fox to put in a work order about a leaking chase and resulting cold showers. On February 23, 2017, after the leak had not been fixed, plaintiff filed a grievance. On February 24, 2017, Fox responded that a work order had been submitted regarding the leak. On March 9, 2017, plaintiff was coming down from the top bunk in his cell in the middle of the night and slipped and twisted his left ankle in the puddle of water coming in from the leaking chase. On March 17, 2017, Garcia responded that a second work order had been submitted regarding the leak. On April 6, 2017, the water leak was fixed.

The Eighth Amendment's prohibition of "cruel and unusual punishments" imposes a duty on prison officials to, among other things, "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *See Farmer*, 511 U.S. at 834. The test for deliberate indifference is the same as criminal recklessness, i.e., the official must actually know of and disregard an excessive risk to inmate safety. *See id.* at 837. The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Neither negligence nor gross

Case No. 17-CV-05841 LHK (PR)
ORDER OF DISMISSAL
2

negligence constitutes deliberate indifference. *See id.* at 835-36 & n. 4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Even with liberal construction, the complaint does not state a claim for an Eighth Amendment violation. Claims regarding slippery floors, without more, "do not state even an arguable claim for cruel and unusual punishment." *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *see, e.g.*, *McLaughlin v. Farries*, No. 03-60771, 2004 WL 2030365 (5th Cir. Sept. 13, 2004) (per curiam) (unpublished opinion) (concluding that prisoner's slip and fall on accumulated water from leaky air conditioning unit, which the defendants knew about and failed to clean up was an appropriate action for negligence, but not deliberate indifference); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (concluding that although prisoner complained for two months about accumulated water in the shower, and finally sustained injuries from the slippery floor, "while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large" and is not a sufficiently serious risk of constitutional dimension); *Brown v. Basher*, No. 10-0479 MCE EFB, 2012 WL 639446 (E.D. Cal. Feb. 27, 2012) (granting defendants' motion for summary judgment against a mobility impaired prisoner who ambulated with a cane and slipped and fell on puddle, created by a water leak, concluding that even though defendants knew about the puddle, the claim was one of negligence rather than deliberate indifference); *Gilman v. Woodford*, No. 05-0337, 2006 WL 1049739 (E.D. Cal. April 20, 2006) (granting qualified immunity to defendants when prisoner slipped and fell in puddle of water resulting from leaking ceiling, of which defendants knew), *aff'd by* No. 06-16157, 2008 WL 686740 (9th Cir. March 12, 2008) (unpublished memorandum disposition); *Edwards v. City of New York*, No. 08-5787, 2009 WL 2596595 (S.D.N.Y. Aug. 24, 2009) (courts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [] alleges that the individual defendants

Case No. 17-CV-05841 LHK (PR)
ORDER OF DISMISSAL

3

had notice of the wet condition but failed to address it."); *Vines v. Hepp*, No. 07-956, 2007 WL 3342583 (E.D. Wis. Nov. 8, 2007) (finding accumulated puddles of water in shower not objectively serious condition sufficient to implicate Eighth Amendment); *Santiago v. Guarini*, No. 03-4375, 2004 WL 2137822 (E.D. Pa. 2004) (holding toilet and sink leak in cell, causing slip and fall, did not present substantial risk to inmate's safety, and was not objectively serious conditions) *Robinson v. Cuyler*, 511 F.Supp. 161, 163 (E.D. Pa. 1981) ("A slippery kitchen floor does not inflict 'cruel and unusual punishments.'" (citation omitted)).

Instead, to state a cognizable claim for relief, there must be a confluence of exacerbating conditions such that the slippery floor posed a serious, unavoidable threat to plaintiff's safety. *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions); *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996) (a single, minor safety hazard does not violate the Eighth Amendment but allegations of conditions which "exacerbate[] the inherent dangerousness of already-existing hazards" or "render[] [an inmate] unable to provide for his own safety" are sufficient to state a cognizable claim for relief (internal quotations, brackets and citation omitted)).

Here, plaintiff states that from January 2017 through April 2017, because of the chase leak, he endured at least three cold showers and had twisted and hurt his ankle after slipping in a puddle in his cell. Defendants knew about the leak and believed that work orders had been submitted. The leak was ultimately fixed on April 6, 2017. Plaintiff alleges no facts or exacerbating circumstances that could elevate this simple negligence claim into a federal cause of action. Plaintiff's claim against defendants therefore does not state a constitutional violation. *See, e.g.*, *Aaronian v. Fresno County Jail*, No. 10-0518 JLT (PC), 2010 WL 5232969 at *2-*3 (E.D. Cal. 2010) (allegation that plumbing leak caused pool of water resulting in plaintiff slipping and falling does not raise cognizable conditions of confinement claim); *Wallace v. Haythorne*, No. 06-1697

Case No. 17-CV-05841 LHK (PR)
ORDER OF DISMISSAL

4

MCE GGH P, 2007 WL 3010755, at *2-*4 (E.D. Cal. 2007) (finding no Eighth Amendment violation when prisoner fell after his foot slipped into a hole in the floor caused by a missing tile, even if defendants were aware that a non-prisoner employee had previously tripped on one of the holes), *aff'd by* No. 07-17364, 2009 WL 2015051 (9th Cir. July 2, 2009) (unpublished memorandum disposition).

District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). However, leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (recognizing that leave to amend is not necessary when plaintiff can provide no set of facts in support of his claim that would entitle him to relief) (citations and internal quotation marks omitted). Here, leave to amend will not be granted because the complaint well describes the incident, and it simply does not amount to deliberate indifference to a risk to the inmate's safety. This is not to say that the inmate was not hurt, as his allegations imply that he was. Rather, as *Osolinski*, 92 F.3d at 936-37, observed, not every injury translates into constitutional liability for prison officials. This is such a case.

## CONCLUSION

Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim. To the extent plaintiff wishes to pursue any state law claim he may have, he may do so. The clerk shall terminate all pending orders and close the file.

**IT IS SO ORDERED.**

DATED: 1/31/2018

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 17-CV-05841 LHK (PR)
ORDER OF DISMISSAL

5